...



The following constitutes the order of the court.
Signed August 15, 2016

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In re<br>Juan Felipe Hernandez,<br>            Debtor.<br>Marr Sanchez & Associates,<br>            Plaintiff,<br>  v.<br>Juan Felipe Hernandez, et al.,<br>            Defendants. | Case No. 16-42059<br>Chapter 13<br><br>Adv. Pro. No. 16-04175 |

**MEMORANDUM RE: MOTION FOR IN REM RELIEF**

     On August 1, 2016, Plaintiff filed the above-captioned adversary proceeding. The sole cause of action on the Plaintiff's Complaint (doc. 1) is Injunctive Relief. On August 9, 2016, Plaintiff filed the *Motion for Injunctive Relief* (doc.6)(the "Motion") and set it for hearing on August 17, 2016. In anticipation of the hearing on the Motion, the Court hereby directs the parties' attention to the *Order Denying In Rem Relief Pursuant to 11 U.S.C. § 362(d)(4)* in a previous case. A copy of the document is attached hereto. The Court will expect that the parties read and be prepared to discuss the attached document during the hearing on the Motion.

\*END OF MEMORANDUM\*



The following constitutes the order of the court.
Signed November 24, 2015

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

In re

Nicholas Frye,

      Debtor.

Case No.: 15-42130
Chapter 13

**ORDER DENYING *IN REM* RELIEF PURSUANT TO 11 U.S.C. § 362(d)(4)**

### A. Background

On July 7, 2015 Debtor, Nicholas Frye, filed the above-cited bankruptcy case. The current case is Debtor's fourth bankruptcy case and the fifth bankruptcy case affecting the subject residential property located at 5608 Maymont Lane, Dublin, CA 94568 (the "Property").[1] On August 13, 2015, Wells Fargo Bank, NA as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns Mortgage Funding Trust 2006-AR2, Mortgage Pass-Through Certificates, Series 2006-AR2 ("Movant") filed its Motion for Relief from Stay ("Motion").

      Movant alleges that it is the owner of the Property as a result of a successful bid at a pre-petition foreclosure sale held in February 2014. Upon acquiring ownership, Movant began eviction proceedings against Debtor and other parties residing in the Property. Since the residents failed to vacate the Property, Movant sought and acquired a Writ of Possession on

---

[1] Debtor filed two previous bankruptcy cases affecting the subject property (numbers: 13-4424 and 14-24162). Bessie Washington, a third-party affiliated with the Property, filed the other two bankruptcy cases affecting the subject property (numbers: 15-40402 and 15-40691).

January 23, 2015. Shortly thereafter, one of the residents, Bessie Washington, consecutively filed two separate bankruptcy cases affecting the Property. Only two weeks after Ms. Washington's second of two skeletal filings were dismissed, Debtor filed the current bankruptcy case claiming an interest in the Property.

On September 23, 2015, the Court held a hearing on the Motion. The Court granted relief from the automatic stay pursuant to § 362(d)(1) and § 362(d)(2), but pointed out that Movant's § 362(d)(4) request was problematic in light of the statute's language limiting such extraordinary relief to secured creditors. The Court instructed Movant to file a supplemental memorandum on the issue. Upon due consideration of Movant's Memorandum of Points and Authorities ("Memorandum"), the Court determines that it cannot grant relief under § 362(d)(4).

**B. Applicable Law**

Section 362(d)(4) states that relief can be granted "with respect to a stay of an act against real property under subsection (a), *by a creditor whose claim is secured* by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved… (B) multiple bankruptcy filings affecting such real property." (emphasis added). 11 U.S.C. § 362(d)(4). If the court's order granting relief under § 362(d)(4) is recorded in compliance with applicable state law, it is binding in any other bankruptcy case filed in the next two years purporting to affect the same real property. Id.; In re First Yorkshire Holdings, Inc., 470 B.R. 864 (9th Cir. B.A.P. 2012).

The Memorandum correctly states that the Court is likely to have little difficulty in making a determination that there is a scheme to hinder, delay, or defraud Movant's attempt to foreclosure, but that "the more difficult task is fashioning a remedy to address the situation" because Movant is not a secured creditor. Memorandum of Points and Authorities (docket no. 49) at p. 5. The plain language in § 362(d)(4) requires a denial of *in rem* relief to any moving party that is not a "secured creditor." See Ellis v. Yu, 523 B.R. 673 (9th Cir. B.A.P. 2014). Despite this unambiguous limitation, Movant requests §

2

362(d)(4) relief on the theory that the Court's inherent powers under 11 U.S.C. § 105(a) allow it to expand the specific limitations of § 362(d)(4) and, alternatively, the Court could grant *in rem* relief by imposing an equitable servitude on the Property.

**C. Analysis**

The 9th Circuit Bankruptcy Appellate Panel (the "BAP") opinion of Ellis v. Yu is highly instructive on the analysis of a § 362(d)(4) question. 523 B.R. 673. In Ellis, the BAP reversed the bankruptcy court's granting of *in rem* relief to a party who was not a secured creditor but instead the owner of the property. The BAP found that the first step of the § 362(d)(4) analysis required a finding that the moving party be a secured creditor. Id.; see also In re Duncan & Forbes Development, Inc. 368 B.R. 27 (Bankr. C.D. Cal. 2007)(finding that the first requirement for a moving party to prevail on a motion under § 362(d)(4) is proving that it holds a security interest in the real property at issue); In re Gonzalez, 456 B.R. 429, 442 (Bankr. C.D. Cal. 2011); In re Laconico, 2014 WL 3687202, at *1 (Bankr. N.D. Cal. 2014). Collier's, a leading treatise in bankruptcy law, further agrees with this view by stating that "relief under § 362(d)(4) is available only to a creditor whose claim is secured by an interest in real property." 3. Collier on Bankruptcy ¶ 362.05[19][a] (Alan N. Resnick & Henry J. Sommer, eds. 16th ed. 2013). Here, Movant is not a secured creditor yet requests *in rem* relief pursuant to the Court's power under § 105(a).

Section 105(a) states that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). However, the Court is uncomfortable granting substantive relief based solely on its "inherent powers" under § 105(a). As the U.S. Supreme Court has instructed, § 105(a) "is not a roving commission to do equity or to do anything inconsistent with the Bankruptcy Code." Norwest Bank Worthingon v. Ahlers, 485 U.S. 197 (1988). Granting § 362(d)(4) relief pursuant to the powers provided the Court under § 105(a) would necessarily require this Court to expand the explicit limitation of § 362(d)(4) to a party that is clearly not a "creditor holding a secured interest." See In re Johnson, 346

B.R. 190 (9th Cir. B.A.P. 2006)(finding that the newly added § 362(d)(4) did not give the bankruptcy court authority to grant an *in rem* order under § 105(a)). Furthermore, there is no other provision within the Code allowing the Court to grant such extraordinary relief to a non-secured creditor. Put simply, there is no statutory authority for an *in rem* order for property owners anywhere in the Bankruptcy Code and § 105(a) cannot create one.[2] Id.; In re Van Ness, 399 B.R. 897 (Bankr. E.D. Cal. 2009).

The Court notes that at least one other bankruptcy court has granted *in rem* relief in the form of an equitable servitude. See Great Western Bank v. Snow, 201 B.R. 968 (Bankr. C.D. Cal. 1996). In Snow, the moving party sought *in rem* relief to cure an abuse of the bankruptcy laws and obvious scheme by several parties to frustrate the moving party's attempts to foreclose. Id. The bankruptcy court granted an equitable servitude that would run with the land and thereby prevented other parties from thwarting the foreclosure. Interestingly, the court's creative approach turned to a common law remedy instead of finding such remedy within the bankruptcy laws. Approximately nine years later, Congress specifically addressed these kind of strategic bankruptcy filings and abusive tactics by enacting § 362(d)(4). Congress has spoken on this issue and it specifically limited *in rem* relief to secured creditors. Therefore, to the extent that other bankruptcy courts have granted *in rem* relief to a party that does not fit the statutorily defined class found in § 362(d)(4), this Court will not join them.

**D. Conclusion**

For the reasons stated above and good cause appearing, Movant's request for *in rem* relief pursuant to § 362(d)(4) is DENIED.

**\*END OF ORDER\***

---

[2] The Court would also be concerned about granting *in rem* relief on account of an argument not found in the original motion for relief from stay.

## COURT SERVICE LIST

1  
2  
3 Debtor  
  Nicholas Frye  
4 5608 Maymont Lane  
  Dublin, CA 94568  
5  
6 Counsel for Moving Party  
  Mark T. Domeyer  
7 2955 Main Street, 2nd Floor  
  Irvine, CA 92614  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

**Court Service List**

All ECF Participants.

Juan Hernandez
2016 104th Ave.
Oakland, CA 94608